(November 9, 1992)

█ Jack Balch, Respondent, v Board of Trustees of the Pension Fund, Local 445, et al., Appellants.—In an action pursuant to 29 USC § 1132 to recover benefits under the terms of a pension plan, the defendants appeal from an order of the Supreme Court, Orange County (Miller, J.), dated October 23, 1991, which denied their motion for summary judgment and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

In 1985 the plaintiff was working for McLean Trucking Co. (hereinafter McLean), a company which made contributions to the defendant pension fund, which is governed by 29 USC § 1100 et seq. (Employees' Retirement Income Security Act). The plaintiff actively worked for McLean until May 4, 1985, and in August 1985 McLean granted him a six-month leave of

absence due to health reasons. The plaintiff did not return to work for McLean because it filed for bankruptcy.

Pursuant to section 3.11 of the Rules and Regulations promulgated by the Board of Trustees of the Pension Fund, Local 445, which administered the pension plan, the Board was required to pay disability benefits to any employee deemed to be permanently and totally disabled only if the Board found that:

"(a) The medical cause for which the Employee is deemed to be permanently disabled:

"(i) *has an origin date* commencing while the Employee is actively engaged in Covered Employment, or

"(ii) commences during a period in which the Employee is registered as being available for active work in Covered Employment, up to a maximum period of six consecutive months from the date the Employee last worked in Covered Employment". (Emphasis supplied.)

The Board, however, refused to grant disability benefits to the plaintiff, concluding that the plaintiff had become disabled on December 25, 1987, the date on which the Social Security Administration had found that the plaintiff was entitled to Federal disability benefits, and that he had last worked in covered employment on May 4, 1985. The plaintiff commenced the instant action to recover disability benefits under terms of the pension plan and the Supreme Court, *inter alia,* granted his cross motion for summary judgment.

We find that the denial of benefits was arbitrary and capricious *(see, Firestone Tire & Rubber Co. v Bruch,* 489 US 101; *Seff v National Org. of Indus. Trade Unions Ins. Trust Fund,* 781 F Supp 1037). The Board's determination was contrary to the provision requiring payment if the cause of the plaintiff's disability "ha[d] an origin date" commencing while the plaintiff was engaged in covered employment. Thus, it cannot be sustained *(see, Kunstenaar v Connecticut Gen. Life Ins. Co.,* 902 F2d 181; *Dellacava v Painters Pension Fund,* 851 F2d 22). The only evidence established that the medical cause of the plaintiff's disability "originated" while the plaintiff was working for McLean.

We have examined the defendants' remaining contention and find it to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.